# EXHIBIT A



# Notice of Service of Process

**MDM / ALL**
**Transmittal Number: 25763985**
**Date Processed: 10/21/2022**

| | |
|---|---|
| **Primary Contact:** | Lori Baisden<br>Boxley Materials Company<br>15418 W Lynchburg Salem Tpke<br>Blue Ridge, VA 24064-3033 |
| **Electronic copy provided to:** | David Hamm<br>Chris Gaskill<br>Julie Adams<br>Kirk Grissett<br>Mary Janiszewski<br>Natalya Budnyatsky |
| **Entity:** | Georgia Stone Products, LLC<br>Entity ID Number  3828031 |
| **Entity Served:** | Georgia Stone Products LLC |
| **Title of Action:** | Boggs Transportation, Inc. vs. American Materials Company LLC |
| **Matter Name/ID:** | Boggs Transportation, Inc. vs. American Materials Company LLC (13106588) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Chesterfield County Court of Common Pleas, SC |
| **Case/Reference No:** | 2022CP1300777 |
| **Jurisdiction Served:** | South Carolina |
| **Date Served on CSC:** | 10/19/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Federal Express |
| **Sender Information:** | Kilpatrick Townsend & Stockton, LLP<br>202-508-5800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHESTERFIELD | IN THE COURT OF COMMON PLEAS<br>FOURTH JUDICIAL CIRCUIT<br>Case No.: 2022-CP-_____ |
| BOGGS TRANSPORT, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>AMERICAN MATERIALS COMPANY, LLC, and GEORGIA STONE PRODUCTS, LLC,<br><br>       Defendants. | SUMMONS |

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is served upon you, and to serve a copy of your Answer to the Complaint on the undersigned at their offices located at 607 14th Street, NW, Washington, DC 20005-2018, within 30 days after service thereof, exclusive of the day of such service, if you fail to answer the Complaint within the time aforesaid, judgment of default will be rendered against you for the relief demanded in the Complaint.

                              KILPATRICK TOWNSEND & STOCKTON, LLP
                              607 14th Street, NW, Suite 900
                              Washington, DC 20005-2018
                              Tel:  202-508-5800
                              Fax:  202-508-5858
                              Email: abullock@kilpatricktownsend.com

                              /s/ Alexander M. Bullock
                              Alexander M. Bullock (SC #1004)

                              *Attorney for Plaintiff*

Dated: October 18, 2022.
Washington, DC

US2008 20916520 1

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHESTERFIELD | IN THE COURT OF COMMON PLEAS<br>FOURTH JUDICIAL CIRCUIT<br>Case No.: 2022-CP-_____ |
| BOGGS TRANSPORT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN MATERIALS COMPANY, LLC, and GEORGIA STONE PRODUCTS, LLC.<br><br>Defendants. | **COMPLAINT**<br>(Jury Trial Demanded) |

ELECTRONICALLY FILED - 2022 Oct 18 10:19 AM - CHESTERFIELD - COMMON PLEAS - CASE#2022CP1300777

Plaintiff Boggs Transportation, Inc. ("BTI"), by and through counsel, hereby complains of the Defendants American Materials Company, LLC ("AMC"), and Georgia Stone Products, LLC ("GSP"), and alleges to this Honorable Court as follows:

**PARTIES, JURISDICTION & VENUE**

1. Plaintiff BTI is a North Carolina corporation, registered and doing business in South Carolina, including in Chesterfield County.

2. Defendant AMC is a limited liability company organized under the laws of North Carolina and doing business in Chesterfield County, South Carolina.

3. Defendant GSP is a limited liability company organized under the laws of Georgia and doing business in Chesterfield County, South Carolina.

4. This Honorable Court has subject matter jurisdiction over BTI's claims and personal jurisdiction over each Party.

5. Venue is proper in Chesterfield County as the real property related to the underlying transactions is in Chesterfield County, AMC and GSP jointly operate with other entities the quarry

US2008 20916520 1

at issue in Chesterfield County, and AMC's and GSP's actions giving rise to this action substantially occurred in Chesterfield County.

## FACTS

6. BTI is a licensed and bonded freight, shipping, and trucking company that hauls, amongst other things, aggregate materials from mines and quarries.

7. AMC and GSP are affiliated entities that mine, produce, sell, and supply aggregate materials from mines and quarries including, but not limited to, the Lynches River Quarry (the "Quarry") and the Black Creek Sand Mine ("Sand Mine") located in or near South Jefferson, Chesterfield County, South Carolina.

### Course of Dealing

8. For at least the past five years, BTI has consistently hauled Defendants' aggregate materials from the Quarry and Sand Mine to various delivery destinations.

9. BTI charged Defendants for each haul based on the destination and weight, in tons, of each haul.

10. The Parties used a specialized scale ticketing software (the "Software") at the Quarry to facilitate each of their transactions.

11. The Software measured each haul's weight before each haul left the Quarry, and it produced a scale ticket receipt that specified each haul's weight.

12. Defendants provided these scale ticket receipts to the BTI truck driver servicing each haul.

13. The Software stored data about each haul, including which company serviced each haul, what products were shipped, and the quantities of those products.

14. Based on this stored data, Defendants and their parent company, Summit Materials, LLC, emailed BTI daily Excel spreadsheets of all ticket data relevant to BTI's hauls.

15. BTI used Defendants' scale ticket receipts and daily Excel spreadsheets to generate invoices for Defendants.

16. For over four years, BTI sent Defendants several dozens of these invoices, which together totaled in the tens of millions of dollars.

17. Defendants consistently and timely paid each of those invoices.

**Defendants Repeatedly Fail to Pay BTI for Invoices Issued in 2022**

18. BTI continued hauling materials for Defendants on dozens of occasions at the Quarry in late 2021 through 2022.

19. The Parties continued measuring each haul's weight with the Software.

20. Defendants continued providing each BTI truck driver a scale ticket receipt for each haul.

21. Defendants continued emailing BTI daily Excel spreadsheets with details about each haul.

22. BTI continued generating and sending multiple invoices to Defendants in 2022 based on the scale ticket receipts and daily emails.

23. Defendants never disputed or objected to any of these invoices.

24. Defendants nevertheless failed to pay the amounts specified in these invoices.

25. Specifically, AMC owes $227,426.27 in outstanding obligations to BTI from the period beginning February 2022.

26. A true and accurate copy of BTI's accounts receivable statement for AMC is attached as Exhibit 1.

3

ELECTRONICALLY FILED - 2022 Oct 18 10:19 AM - CHESTERFIELD - COMMON PLEAS - CASE#2022CP1300077

27. Similarly, GSP owes $748,116.24 in outstanding obligations to BTI from the period beginning January 2022.

28. A true and accurate copy of BTI's accounts receivable statement for GSP is attached as Exhibit 2.

29. BTI sent a demand letter to both Defendants on March 25, 2022, informing both Defendants of their financial obligations as of that date.

30. The joint demand letter informed both Defendants that BTI may pursue legal action against them if they did not pay in full by October 7, 2022.

31. A true and accurate copy of the joint demand letter is attached at Exhibit 3.

32. Neither Defendant responded to or disputed the demand letter.

33. Defendants have not paid their financial obligations in full since the issuance of the demand letter.

34. Defendants continued accepting BTI's hauling services from the Quarry for several months after receiving invoices they did not intend to pay.

### FIRST CLAIM FOR RELIEF
(Breach of Contract – Against Both Defendants)

35. BTI incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

36. BTI and Defendants had a course of dealing for at least four years where BTI sent several dozens of invoices to Defendants for BTI's hauling services.

37. BTI calculated these invoices based on the scale ticket receipts and daily Excel spreadsheets detailing each haul's specifications.

38. Defendants consistently and timely paid each of BTI's invoices for at least four years.

ELECTRONICALLY FILED - 2022 Oct 18 10:19 AM - CHESTERFIELD - COMMON PLEAS - CASE#2022CP1300777

US2008 20916520 1

39. Based on and in accordance with this well-established course of dealing, BTI sent Defendants the underlying unpaid invoices for the hauling services it provided in late 2021 through 2022.

40. Defendants never disputed or objected to any of these invoices.

41. Defendants repeatedly accepted the benefits of BTI's hauling services.

42. Each of BTI's underlying invoices evinced separate contracts whereby Defendants promised to pay for BTI's hauling services from the Quarry and the Sand Mine.

43. The Parties had a meeting of the minds on the essential and material terms of these contracts based on their course of dealing and verbal representations.

44. Defendants breached each underlying contract by failing to pay what they owed under each contract as specified by each invoice.

45. As a natural consequence and proximate result of Defendants' multiple breaches, BTI failed to receive what it has earned by successfully performing each contract.

46. As such, BTI is entitled to recover damages from Defendant AMC in the amount of $227,426.27 for breach of contract, as well as pre and post-judgment interest and reasonable attorney's fees as allowed by law.

47. BTI is separately and additionally entitled to recover damages from Defendant GSP in the amount of $748,116.24 for breach of contract, as well as pre and post-judgment interest and reasonable attorney's fees as allowed by law.

**SECOND CLAIM FOR RELIEF**
(Unjust Enrichment/Quantum Meruit – Against Both Defendants, In the Alternative)

48. BTI incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

ELECTRONICALLY FILED - 2022 Oct 18 10:19 AM - CHESTERFIELD - COMMON PLEAS - CASE#2022CP1300777

49. In the alternative to its claim for breach of contract, BTI is entitled to recover against both Defendants under the theory of unjust enrichment/quantum meruit.

50. BTI conferred benefits on Defendants by repeatedly hauling Defendants' aggregate materials from the Quarry and the Sand Mine to their proper destinations.

51. Defendants acknowledged BTI's services by issuing each scale ticket to each driver.

52. Defendants acknowledged BTI's services by emailing, through their parent company, daily Excel reports with relevant data concerning each BTI haul from the Quarry and Sand Mine.

53. Defendants knew about BTI's hauling services based on BTI's many invoices, which Defendants had consistently paid for over a course of at least four years.

54. Defendants retained the benefits BTI conferred on them.

55. Defendants have not fairly paid BTI for BTI's hauling services.

56. Defendants continued retaining BTI's services even after repeatedly receiving invoices they had no intention of paying.

57. Defendants benefitted from BTI's hauling services.

58. Allowing Defendants to retain those benefits without fair payment is unjust and inequitable.

59. As such, BTI is entitled to recover the amount by which Defendants have been unjustly enriched ($227,426.27 from AMC and $748,116.24 from GSP), plus pre and post-judgment interest and reasonable attorney's fees as allowed by law.

### THIRD CLAIM FOR RELIEF
(Account Stated – Against Both Defendants, In the Alternative)

60. BTI incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

US2008 20916520 1

61. BTI has stated an account to Defendants by issuing invoices to Defendants for BTI's hauling services from the Quarry.

62. In the alternative to its other claims, BTI has stated an account through its invoices and demand letter to Defendants specifying the amounts owed under each Defendant's account.

63. Defendants impliedly agreed to the amounts specified in the accounts stated by failing to object to either the invoices or demand letter in a reasonable period of time.

64. Defendants impliedly agreed to the accounts stated by continuing to accept BTI's hauling services from the Quarry following their receipt of the invoices.

65. BTI is entitled to recover the amounts owed by Defendants under their respective accounts ($227,426.27 from AMC and $748,116.24 from GSP), plus pre and post-judgment interest and reasonable attorney's fees as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray unto the Court for relief against Defendants, jointly and severally, as follows:

1. That BTI recovers damages from AMC in an amount to be determined at trial, but in any event not less than $227,426.27, plus pre and post-judgment interest;

2. That BTI recovers damages from GSP in an amount to be determined at trial, but in any event not less than $748,116.24, plus pre and post-judgment interest;

3. That the Court tax the costs of this action against the Defendants;

4. That the Court award BTI attorney's fees as permitted by law;

5. That the Court grant such other and further relief as the Court deems just and proper.

## Jury Trial Request

Plaintiff requests trial by jury on all issues so triable.

US2008 20916520 1

KILPATRICK TOWNSEND & STOCKTON, LLP
607 14th Street, NW, Suite 900
Washington, DC 20005-2018
Tel:   202-508-5800
Fax:   202-508-5858
Email: abullock@kilpatricktownsend.com

/s/ Alexander M. Bullock
Alexander M. Bullock (SC #1004)

*Attorney for Plaintiffs*

Dated: October 18, 2022.
Washington, DC

8

US2008 20916520 1

BOGGS TRANSPORT, INC.
PO BOX 689
MONROE, NC 28110-0689

EXHIBIT 1

704 289-8482

# Statement

| To: | Period Ending: | 10/13/22 |
|---|---|---|
| AMERICAN MATERIALS COMPANY LLC | Customer Code: | 1545 |
| DBA BUCKHORN MATERIALS LLC | | |
| P O BOX 16014 | | |
| WICHITA, KS 67216 | | |

| Date | Job | Invoice # | Type | Original Amount | Applied Amount | Retention Amount | Retention Balance | Total Due |
|---|---|---|---|---|---|---|---|---|
| 02/28/22 | | 14714 | Invoice | 31,734.71 | 2,460.48 | | | 29,274.23 |
| 03/31/22 | | 14732 | Invoice | 33,726.85 | | | | 33,726.85 |
| 04/30/22 | | 15771 | Invoice | 78,682.16 | | | | 78,682.16 |
| 05/31/22 | | 18539 | Invoice | 77,992.99 | | | | 77,992.99 |
| 06/30/22 | | 18732 | Invoice | 102.19 | | | | 102.19 |
| 09/30/22 | | 22018 | Invoice | 7,647.85 | | | | 7,647.85 |
| **Customer Totals:** | | | | **229,886.75** | **2,460.48** | **0.00** | **0.00** | **227,426.27** |

| | | Overdue Amounts | | | | |
|---|---|---|---|---|---|---|
| Aging Breakdown | Current | 1 to 30 days | 31 to 60 days | 61 to 90 days | Over 90 days | Retention |
| | 7,647.85 | 0.00 | 0.00 | 102.19 | 219,676.23 | 0.00 |

ELECTRONICALLY FILED - 2022 Oct 18 10:19 AM - CHESTERFIELD - COMMON PLEAS - CASE#2022CP1300777

Print Date: 10/13/22                                                                                                    Page 1

BOGGS TRANSPORT, INC.
PO BOX 689
MONROE, NC 28110-0689

EXHIBIT 2

704 289-8482

# Statement

| To: | Period Ending: | 10/13/22 |
|---|---|---|
| GEORGIA STONE PRODUCTS | Customer Code: | 1546 |
| PO BOX 16202 | | |
| WICHITA, KS 67216 | | |

| Date | Job | Invoice # | Type | Original Amount | Applied Amount | Retention Amount | Retention Balance | Total Due |
|---|---|---|---|---|---|---|---|---|
| 01/05/22 | | 14678 | Invoice | 71,411.64 | | | | 71,411.64 |
| 01/28/22 | | 14693 | Invoice | 290,880.82 | | | | 290,880.82 |
| 02/25/22 | | WIRE022522 | Payment | -603,694.79 | -507,276.37 | | | -96,418.42 |
| 02/26/22 | | 14708 | Invoice | 132,875.23 | | | | 132,875.23 |
| 03/31/22 | | 14731 | Invoice | 103,274.57 | | | | 103,274.57 |
| 04/30/22 | | 15767 | Invoice | 98,959.82 | | | | 98,959.82 |
| 06/01/22 | | 18720 | Invoice | 146,140.63 | | | | 146,140.63 |
| 06/30/22 | | 19952 | Invoice | 991.95 | | | | 991.95 |
| **Customer Totals:** | | | | **240,839.87** | **-507,276.37** | **0.00** | **0.00** | **748,116.24** |

| | | Overdue Amounts | | | | |
|---|---|---|---|---|---|---|
| **Aging Breakdown** | Current | 1 to 30 days | 31 to 60 days | 61 to 90 days | Over 90 days | Retention |
| | 0.00 | 0.00 | 0.00 | 991.95 | 747,124.29 | 0.00 |

Print Date: 10/13/22

Page 1

ELECTRONICALLY FILED - 2022 Oct 18 10:19 AM - CHESTERFIELD - COMMON PLEAS - CASE#2022CP1300777

EXHIBIT 3



**KILPATRICK TOWNSEND**
ATTORNEYS AT LAW

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

1001 West Fourth Street
Winston-Salem, NC 27101-2400
t 336 607 7300  f 336 607 7500

March 25, 2022

direct dial 336 607 7432
direct fax 336 734 2612
dgreene@kilpatricktownsend.com

*Via Email and Federal Express Overnight Delivery*

Justin G. Walden, Esq.
Justin.Walden@Summit-Materials.com

Georgia Stone Products
Attn: Bart Boyd
4870 Leland Dr.
Cumming, GA 30041
Bart.Boyd@georgiastoneproducts.com

American Materials Company
Attn: Rich Moses
1410 Commonwealth Drive
Suite 201
Wilmington, NC 28403
Rich.Moses@americanmaterialsco.com

Re:    Boggs Transport - Notice Default and Demand for Payment

Dear Mr. Walden, Mr. Boyd, and Mr. Moses:

This firm represents Boggs Transport, Inc. ("BTI"). American Materials Company ("AMC") and Georgia Stone Products ("GSP") are seriously delinquent on payments owed to BTI for hauling services related to the Lynches River Quarry in South Carolina. The past due amounts owed by AMC and GSP, as well as the dates of the last payments BTI received from each company, are below:

|  | Amount Due to BTI | Last Payment Date |
|---|---|---|
| Georgia Stone | $ 748,116.24 | 2/25/22 |
| American Materials | $ 219,778.42 | 5/31/22 |
|  | $ 967,894.66 |  |

US2008 20840243 1

ANCHORAGE  ATLANTA  AUGUSTA  BEIJING  CHARLOTTE  DALLAS  DENVER  HOUSTON  LOS ANGELES  NEW YORK  RALEIGH  SAN DIEGO
SAN FRANCISCO  SEATTLE  SHANGHAI  SILICON VALLEY  STOCKHOLM  TOKYO  WALNUT CREEK  WASHINGTON  WINSTON-SALEM

ELECTRONICALLY FILED - 2022 Oct 18 10:19 AM - CHESTERFIELD - COMMON PLEAS - CASE#2022CP1300777

ELECTRONICALLY FILED - 2022 Oct 18 10:19 AM - CHESTERFIELD - COMMON PLEAS - CASE#2022CP1300777

September 28, 2022
Page 2

    If payment is not received in full by Friday, October 7, 2022, BTI has authorized us to take action to collect the above amounts, plus interest at the default rate under South Carolina law (8.75%).

Sincerely,

*[signature]*

Dustin T. Greene

DTG:std
cc:    Alex Bullock, Esq. (via email only)
       Mark Boynton, Esq. (via email only)
       Chelsea Simon, Esq. (via email only)

US2008 20840243 1



```
ORIGIN ID:INTA   (336) 607-7300           SHIP DATE: 18OCT22
LYNN CHARBONNEAU                          ACTWGT: 0.50 LB
KILPATRICK TOWNSEND & STOCKTON LLP        CAD: 253852162/WSXI3600
1001 WEST FOURTH STREET
WINSTON-SALEM, NC 27101                   BILL SENDER
UNITED STATES US

TO  GEORGIA STONE PRODUCTS LLC
    REGISTER AGENT
    508 MEETING ST

    WEST COLUMBIA SC 29169
(336) 607-7358       REF: 109576.1355163-09444
INV:
PO:                          DEPT:
```

WED - 19 OCT 10:30A
PRIORITY OVERNIGHT
DSR
29169
XG USCA    SC-US   CAE

Insert shipping document here.

Align top of FedEx Express® shipping label here.



Envelope