IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Boggs Transport, Inc., | ) | Case No.: 4:22-cv-04136-JD |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| American Materials Company, LLC, | ) | **ORDER ON EQUITABLE SETOFF,** |
| and Georgia Stone Products, LLC, | ) | **RULE 59(e) RELIEF, AND** |
| | ) | **CONSOLIDATION** |
| Defendants/Counterclaimants. | ) | |
| | ) | |

This matter comes before the Court on the Post-Judgment Motion for Equitable Setoff or, in the Alternative, to Alter or Amend the Judgment, filed by Defendants/Counterclaimants American Materials Company, LLC ("AMC") and Georgia Stone Products, LLC ("GSP") (collectively, "Defendants/Counterclaimants"). (DE 43.) Defendants seek to reduce the judgment entered against them in this action—$227,426.27 as to AMC and $748,116.24 as to GSP, plus prejudgment interest—based on what they characterize as a "now-final" judgment in their favor in *Boggs Materials, Inc. v. Summit Materials, LLC*, No. 4:22-cv-01151-JD (D.S.C.) ("*Boggs Materials* Litigation").

In the alternative, Defendants request that the Court amend the judgment under Rules 59(e) or 60, or consolidate this action with the Boggs Materials Litigation for the purpose of entering a unified net judgment. Plaintiff/Counter-Defendant Boggs Transport, Inc. ("Boggs Transport") opposes the motion, contending that

1

Defendants cannot satisfy South Carolina's strict mutuality requirement for equitable setoff and that no grounds exist for amending the judgment or consolidating the actions. (DE 44.) Defendants have filed a reply. (DE 45.)

Having considered the parties' submissions and the applicable law, the Court concludes that the requested relief is unwarranted. For the reasons that follow, the motion is denied.

## I.    BACKGROUND

This action arises from unpaid hauling invoices owed by Defendants/Counterclaimants to Plaintiff/Counter-Defendant Boggs Transport. On May 21, 2025, the Court granted summary judgment in favor of Boggs Transport on its breach-of-contract claim, awarding $227,426.27 against AMC and $748,116.24 against GSP, together with prejudgment interest, for amounts due under the parties' hauling agreements. (DE 41.)

The Court denied Defendants/Counterclaimants' request for summary judgment on their counterclaim for equitable setoff, finding the request unripe because the related litigation between the parties' affiliates—*Boggs Materials* Litigation—had not yet reached a final judgment. (*Id.* at 10–12.) The Court expressly permitted Defendants to "refile [their setoff] request following entry of judgment in the BMI Litigation" and deferred entry of final judgment on Boggs Transport's damages pending resolution of that issue. (*Id.* at 12.)

On August 28, 2025, the Court entered its Memorandum Opinion and Order resolving all remaining claims in the *Boggs Materials* Litigation. (*Boggs Materials*

2

Litigation, DE 101.) There, the Court granted summary judgment to Defendants Summit Materials, LLC, AMC, and GSP on their counterclaim for unpaid aggregates against the *Boggs Materials* plaintiffs. (*Boggs Materials, Inc. v. Summit Materials, LLC*, No. 4:22-cv-01151-JD, DE 101, 102.) The Court rejected the *Boggs Materials* Litigation plaintiffs' request for an equitable setoff based on the anticipated judgment in this case, holding that South Carolina's strict mutuality requirement was not satisfied because Boggs Transport—the judgment creditor in this case—is a distinct corporate entity not party to the *Boggs Materials* Litigation. (*Boggs Materials, Inc. v. Summit Materials, LLC*, No. 4:22-cv-01151-JD, DE 101 at 11–12.)

Following the entry of judgment in the *Boggs Materials* Litigation, Defendants renewed their request for equitable setoff in this case pursuant to the Court's earlier order. (DE 43.) Defendants argue that the existence of two final money judgments—one in favor of Boggs Transport here, and one in favor of Defendants and their affiliate Summit in the *Boggs Materials* Litigation—warrants an equitable offset or, alternatively, amendment of the judgment under Rule 59(e) to reflect a net award. Defendants also request consolidation of this case with the *Boggs Materials* Litigation pursuant to Rule 42(a). (*Id.*)

Boggs Transport opposes the motion, asserting that strict mutuality is lacking because Boggs Transport is a separate corporate entity from the *Boggs Materials* plaintiffs, that no insolvency exception applies, and that neither Rule 59(e) nor Rule 42(a) provides a basis for the relief Defendants seek. (DE 44.) Boggs Transport further contends that the Court's prior rulings in the *Boggs Materials* Litigation foreclose

Defendants' attempts to obtain, in this case, relief the Court already declined to grant in the companion action. Defendants have filed a reply. (DE 45.) The matter is ripe for disposition.

## II.     LEGAL STANDARD

### A.     Setoff

Under South Carolina law, "[a] non-settling defendant is entitled to credit for the amount paid by another defendant who settles for the same cause of action." *Riley v. Ford Motor Co.*, 414 S.C. 185, 195, 777 S.E.2d 824, 830 (2015). The Court's authority to order setoff is equitable in nature, arising from its inherent jurisdiction "to do justice between parties." *Id.* That authority, however, is subject to defined limits. "[E]quitable setoff cannot exist without a valid judgment to set off." *J & W Corp. of Greenwood v. Broad Creek Marina of Hilton Head, LLC*, 441 S.C. 642, 671, 896 S.E.2d 328, 344 (Ct. App. 2023). Likewise, "[s]etoff is indeed in equity, but that does not mean the court can pluck a number from the sky to fulfill it." *Id.* at 672, 896 S.E.2d at 344.

Equitable setoff is rooted in the principle that where two parties hold valid claims against each other, the amount awarded to one may be reduced by the amount the other is entitled to recover. *See* 20 Am. Jur. 2d Counterclaim, Recoupment, Etc. § 6 (May 2023 update) ("The right to setoff does not operate as a denial of the plaintiff's claim, but rather allows the defendant to set off the debt that the plaintiff owes the defendant against the plaintiff's claim against the defendant."). Relatedly, the doctrine of recoupment "rests upon the principle that it is just and equitable to settle in one action all claims growing out of the same contract or transaction; the object of

4

the plea is to rebate or recoup, in whole or part, the claim sued on." *Id.* § 5; *J & W Corp.*, 441 S.C. at 671, 896 S.E.2d at 344.

**B.    Fed. R. Civ. P. 59(e)**

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, the Court may reconsider its prior order only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. Int'l Chm. Workers Union,* 34 F.3d 233, 236 (4th Cir. 1994) (quoting another source).

"Clear error occurs when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336–37 (4th Cir. 2008) (internal quotation marks omitted); *see also United States v. Martinez–Melgar*, 591 F.3d 733, 738 (4th Cir. 2010). Manifest injustice occurs when the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension ...." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

### III.  DISCUSSION

A.  **Setoff**

Defendants/Counterclaimants first seek an equitable setoff of the judgment entered in favor of Boggs Transport in this matter by the judgment entered against the *Boggs Materials* plaintiffs in the companion *Boggs Materials* Litigation. (DE 43.) They contend that because both judgments arise out of what they describe as a broader commercial relationship between the Boggs-affiliated entities and Summit-affiliated entities, equity requires the Court to net the two judgments to avoid duplicative payments. Boggs Transport responds that South Carolina law imposes a strict mutuality requirement for setoff, that no mutuality exists here because Boggs Transport was not a party to the *Boggs Materials* Litigation, and that Defendants identify no exception permitting the Court to disregard corporate separateness. (DE 44.)

To begin with, the *Boggs Materials* Litigation has not yet culminated in a final judgment. A ruling that determines liability but leaves the amount of damages unresolved does not satisfy the requirements of Rule 58 and is not a "final decision" within the meaning of 28 U.S.C. § 1291. *See Calderon v. GEICO Gen. Ins. Co.*, 754 F.3d 201, 204 (4th Cir. 2014) ("a judgment on liability that does not fix damages is not a final judgment because the assessment of damages is part of the merits of the claim that must be determined."). To that end, the Court has directed the parties in the *Boggs Materials* Litigation to submit a detailed accounting of the damages they contend are owed on their counterclaim, supported by citations to the record, invoice

6

summaries, and a computation of the total principal amount. *See Boggs Materials, Inc. v. Summit Materials, LLC*, No. 4:22-cv-01151-JD.

Even setting aside this absence of finality, South Carolina law forecloses the relief Defendants/Counterclaimants seek. Corporate affiliates are treated as distinct juridical persons unless veil-piercing or alter-ego principles apply. *J&W Corp. of Greenwood v. Broad Creek Marina of Hilton Head, LLC*, 441 S.C. 642, 671, 896 S.E.2d 328, 344 (Ct. App. 2023). As the Court recently held in the *Boggs Materials* Litigation, "[t]he related corporate relationship between [the *Boggs Materials* plaintiffs] and [Boggs Transport] does not, without more, satisfy the strict mutuality requirements for equitable setoff." (*Boggs Materials* Litigation, DE 101 at 12.)

That conclusion applies with equal force here. The judgment creditor in this action—Boggs Transport—is a separate legal entity from the *Boggs Materials* Litigation plaintiffs, and Defendants/Counterclaimants identify no basis to disregard that corporate separateness. The debts, therefore, are not "between the same parties and in the same right," as South Carolina law requires. *Riley v. Ford Motor Co.*, 414 S.C. 185, 196–97, 777 S.E.2d 824, 831 (2015).

Defendants/Counterclaimants offer no basis to disregard these corporate distinctions. They do not argue veil-piercing, nor do they contend that Boggs Transport and the *Boggs Materials* Litigation plaintiffs operated as alter egos or as a single business enterprise. (DE 44 at 7–9.) Rather, they rely on two early South Carolina cases—*Carwile v. Metropolitan Life Insurance Co.*, 136 S.C. 111, 134 S.E. 275 (1926), and *W.M. Kirkland, Inc. v. Providence Washington Insurance Co.*, 264

7

S.C. 573, 216 S.E.2d 518 (1975)—to argue that strict mutuality may be relaxed. Neither decision assists Defendants/Counterclaimants. As the Court explained in the *Boggs Materials* Litigation, those cases "allowed setoffs in the absence of strict mutuality but only in limited circumstances" involving insolvency proceedings and liquidation contexts. (*Boggs Materials* Litigation, DE 101 at 12.) Defendants/Counterclaimants identify no insolvency risk here, nor do they show that any exception applies.

The Court has already rejected these same arguments in the *Boggs Materials* Litigation, where it denied the *Boggs Materials* Litigation plaintiffs' request to offset their judgment with the judgment entered in favor of Boggs Transport in this case due to the absence of strict mutuality. (*Id.*) That Defendants have obtained summary judgment in the *Boggs Materials* Litigation and that a judgment—though not yet final—has been entered there does not change the controlling analysis. As the Court previously held, and as South Carolina law makes clear, the lack of mutuality is dispositive. Because the debts are not owed between the same parties in the same capacity, Defendants/Counterclaimants cannot invoke equitable setoff. The Court expressly rejected the same arguments in the *Boggs Materials* Litigation, denying the *Boggs Materials* Litigation plaintiffs' request to offset the *Boggs Materials* Litigation judgment by the Boggs Transport judgment for lack of mutuality. (*Id.*) The fact that Defendants now hold a finding of summary judgment against the *Boggs Materials* Litigation plaintiffs does not alter the analysis. As this Court held, and as South

8

Carolina law requires, the absence of strict mutuality is dispositive. Accordingly, Defendants/Counterclaimants are not entitled to an equitable setoff.

**B.     Fed. R. Civ. P. 59(e) Alteration or Amendment**

Defendants/Counterclaimants next request that the Court alter or amend the judgment under Rule 59(e), asserting that failure to apply a setoff would result in "manifest injustice." (DE 43.) Boggs Transport argues that Rule 59(e) cannot be used to obtain relief that is otherwise barred by settled substantive law and that Defendants identify no intervening change in law, no new evidence, and no clear legal error warranting amendment. (DE 44.)

A motion under Rule 59(e) may be granted only to (1) accommodate an intervening change in controlling law, (2) account for new evidence not available earlier, or (3) correct a clear error of law or prevent manifest injustice. *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Defendants identify no change in controlling law and present no new evidence. Instead, they urge the Court to revisit its prior mutuality analysis, asserting that the entry of final judgment in the *Boggs Materials* Litigation is a "changed circumstance" warranting amendment.

Nor does the absence of setoff create "manifest injustice." Defendants face no inconsistent obligations; they must satisfy a separate judgment as to Boggs Transport, while the *Boggs Materials* Litigation plaintiffs must satisfy their own judgment. As Boggs Transport notes, "[t]here is nothing unjust about being denied a setoff where there is no mutuality and no risk of an insolvent debtor." (DE 44 at 9.) Rule 59(e) does not permit the Court to disregard state-law setoff requirements to

9

engineer a consolidated outcome that South Carolina law does not allow. Accordingly, Defendants' Rule 59(e) motion must be denied.

### C.     Fed. R. Civ. P. 42(a) Consolidation

Finally, Defendants/Counterclaimants seek to consolidate this matter with the *Boggs Materials* Litigation "for the limited purpose of entering a single net judgment." (DE 43 at 14–15.) Boggs Transport responds that the Court already rejected an identical request in the *Boggs Materials* Litigation and that the two cases do not involve common questions of law or fact sufficient to satisfy Rule 42(a). (DE 44 at 12–13.)

Rule 42(a) permits consolidation only where actions involve "a common question of law or fact." Fed. R. Civ. P. 42(a). As the Court held in the *Boggs Materials* Litigation, the two cases involve different parties, different contracts, and different legal frameworks—this case arising from hauling agreements, and the *Boggs Materials* Litigation governed by a supply agreement subject to Article 2 of the South Carolina U.C.C. (*Boggs Materials* Litigation, DE 101 at 12–13.) Because the Court denied setoff for lack of mutuality, it further concluded that consolidation "for the limited purpose of entering a single judgment" would be "futile." (*Id.* at 13.)

Nothing in Defendants' renewed motion alters that conclusion. Consolidation cannot be used to circumvent South Carolina's strict mutuality requirement or to merge judgments involving different corporate entities. Nor is consolidation appropriate in a case that has already been fully resolved on the merits, where the

only remaining issue is enforcement of a money judgment. Accordingly, the request for consolidation is denied.

### IV.    CONCLUSION

For these reasons, the Court concludes that Defendants/Counterclaimants have not established a basis for equitable setoff under South Carolina law, nor have they satisfied the narrow grounds for relief available under Rule 59(e). The absence of strict mutuality remains dispositive, and no change in circumstances, new evidence, or clear legal error warrants alteration or amendment of the judgment. Consolidation under Rule 42(a) is likewise unwarranted and would serve no purpose where the underlying judgments involve different parties, different contracts, and distinct legal rights.

Accordingly, Defendants/Counterclaimants' Post-Judgment Motion for Equitable Setoff or, in the Alternative, to Alter or Amend the Judgment (DE 43) is DENIED.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
December 8, 2025